IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ELTON BENNIE SMITH, JR.                                           PLAINTIFF

v.                         Civil No. 6:11-cv-06036

CORIZON, INC.; MEDICAL DIRECTOR
ROLAND ANDERSON; WARDEN W.D.
REED; DEPUTY DIRECTOR WENDY
KELLEY; JOHN DOE; JUDITH SAVOY;
DR. SHIRLEY BARNES; DREAM
REDIC-YOUNG; DR. DAVID WARE;
and NURSE JENNIFER HUGHES                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Elton Smith, pursuant to 42 U.S.C. § 1983. Plaintiff is no longer incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Separate Defendants Corizon, Inc. and Dr. Roland Anderson's Motion for Summary Judgment. ECF No. 72. Plaintiff responded. ECF Nos. 93, 94, & 99. Separate Defendants Corizon Inc. and Anderson (collectively "Separate Defendants") replied. ECF Nos. 105 & 108. After careful consideration, I make the following Report and Recommendation.

**I.   BACKGROUND**

During the time at issue in this case, Plaintiff was incarcerated at the Arkansas Department of Corrections, Ouachita River Correctional Unit ("ADC"). Plaintiff is no longer incarcerated.

1

Plaintiff filed his original Complaint on May 16, 2011.  ECF No. 1.  Plaintiff filed his Amended Complaint on January 22, 2013.  ECF No. 58.

In Plaintiff's Amended Complaint, he names Corizon, Inc. and Dr. Anderson (as well as other ADC employees and medical staff) as defendants in this matter, and states he is suing Separate Defendants in both their official and individual capacities.  ECF No. 58.  Plaintiff claims his Eighth Amendment rights were violated by Defendant Anderson when he failed to approve Plaintiff's Plavix prescription.  Additionally, Plaintiff makes an official capacity claim against Corizon, Inc. that his Plavix was denied because it was "nonformulary" and expensive.

According to the allegations of the Amended Complaint, Plaintiff suffered three heart attacks in 2008 prior to being incarcerated in the ADC on May 29, 2009.  Upon incarceration in the ADC in May 2009, Plaintiff had eight coronary arterial stents,[1] and had been advised by cardiologists at the Veteran's Administration Medical Center-Memphis and St. Bernard's Hospital-Jonesboro that he needed to take Plavix[2] and aspirin for the remainder of his life.   Plaintiff claims Defendant Anderson, as medical director, denied him medical care in violation of Plaintiff's Eighth Amendment rights.  Specifically, Plaintiff claims Defendant Anderson violated Plaintiff's

---

[1] "A stent is a small mesh tube that's used to treat narrow or weak arteries . . . a stent is placed in an artery as part of a procedure called percutaneous coronary intervention (PCI), sometimes referred to as a coronary angioplasty.  PCI restores blood flow through narrow or blocked arteris.  A stent helps support the inner wall of the artery in the months or years after PCI.  http://www.nhlbi.nih.gov/health/health-topics/topics/stents/ (accessed June 21, 2014).

[2] Plavix is a prescription medicine used to treat people who have any of the following: chest pain due to heart problems; poor circulation in their legs (peripheral arterial disease); a heart attack; a stroke.  "Plavix is used alone or with aspirin to lower your chance of having another serious problem with your heart or blood vessels such as heart attack, stroke, or blood clot that can lead to death."  http://www.fda.gov/downloads/Drugs/DrugSafety/UCM243349.pdf (accessed June 12, 2014).

constitutional rights when he did not approve Plaintiff's prescription of Plavix on January 18, 2011 and Corizon, Inc. violated Plaintiff's constitutional rights when they denied Plaintiff his Plavix prescription because the drug was "nonformulary" and expensive.[3]  ECF No. 58.

Plaintiff states in his Amended Complaint that grievance OR-11-00024 is the genesis of this action, and Plaintiff attaches this grievance to his Amended Complaint.  Further, Plaintiff discusses grievance OR-11-00206, and also attaches this grievance to his Amended Complaint.

On January 3, 2011, Plaintiff submitted an informal grievance and this form was labeled OR-11-00024 by ADC staff.  ECF No. 58, p. 31.  In this grievance Plaintiff states:

> on 12-22-10 I submitted an inmate request form to the infirmary that I was out of Plavix, a heart medication.  I ran out of Plavix on 12-21-10.  I had submitted the re-order sticker on or about 12-18-10.  I then submitted a missing medication form on or about 12-24-10.  On 12-26-10 I received a reply from Nurse Jennifer Hughes that my 'med has been ordered on 12-24-10.'  On Jan 2, 2011 I submitted a sick call slip mentioning I hadn't received the Plaivix.  By chance the nurse I saw was Jennifer Hughes.  She asked about my 'problem' then said she couldn't find anything in the computer about the Plavix being ordered.  I told her I have the inmate request form from her saying they'd been ordered on 12-24-10.  Plavix is not to be taken sporadically.  On the sick call slip I mentioned I was to see a doctor about a 14 month scalp . . . problem.  She said it takes 3 weeks.  I was scheduled for a dr. on 12-13-10 by Nurse Hughes.  Today would be more than 3 weeks.  Hunter said it was ordered on 12-31-10.

Unit Level Grievance Form OR-11-00024, ECF No. 28, p. 31 (errors in original).  Nurse Young replied to this grievance on January 7, 2011 stating Plaintiff's prescription had expired.  She explained Plaintiff's Plavix was reordered, but the ordering required approval from the regional medical director (Defendant Anderson) and that approval was in process.  Nurse Young indicated

---

[3] Note that Separate Defendants' Motion for Summary Judgment is based on a failure to exhaust argument.  Therefore, I will not enumerate all facts alleged by Plaintiff herein.  Instead, I limit my rendition of the facts to those facts necessary to analyze whether Plaintiff fully and properly exhausted his claims prior to filing this lawsuit.

the grievance had merit but was being resolved. Health Services Response to Unit Level Grievance OR-11-00024, ECF No. 58, p. 32.

Plaintiff then appealed Nurse Young's response stating that his Plavix is necessary and asking for assurance that this delay does not happen again. Plaintiff did not mention any person by name in his appeal other than LPN Hughes. Health Services Response to Unit Level Grievance, ECF No. 58, p. 32.

On April 6, 2011, Defendant Wendy Kelley responded to Plaintiff's appeal. Defendant Kelley gave a history of Plaintiff's grievance and indicated he still did not have his Plavix prescription. Defendant Kelly noted that her staff contacted Nurse Young, and Nurse Young reported that the authorization for Plaintiff's Plavix prescription would be sent that day. Chief Deputy/Deputy/Assistant Director's Decision OR-11-00024, ECF No. 58, p. 33.

On March 17, 2011, Plaintiff submitted a second informal grievance complaining he still had not received his Plavix prescription. Unit Level Grievance Form OR-11-00206, ECF No. 58, p. 34. In this Grievance Plaintiff stated:

> On Sat, March 12, I was seen by the unit physician, Dr. Ware. He ordered me 75 mg Plavix. He gave me a 3 day emergency supply. I took the last one today (3/14/11). Terry Douglas and LPN Hunter brought OPM's by tonite and Hunter wouldn't give me AM issue medication form and she told Douglas Terry that some other Doctor had rescinded the prescription. Presumably this is a doctor who hasn't seen me. I've filed a previous informal and then formal greivance. Dream Young returned an inmate request form to me today 3-14-11 saying I should've received the 75 mg Plavix on 3-12-11. That was the three pills given as emergency supply. What doctor rescinded the prescription and why? On 3-17-11 LPN Hunter said Dr. Anderson overrode Dr. Ware.

Unit Level Grievance Form OR-11-00206, ECF No. 58, p. 34 (errors in original). Nurse Young responded to Plaintiff's grievance stating that the medical director did not approve Plaintiff's

4

prescription, and therefore, he would be placed on aspirin therapy.  Nurse Young found Plaintiff's grievance without merit.  Unit Level Grievance Form OR-11-00206, ECF No. 58, p. 35.

On May 3, 2011, Plaintiff appealed this decision by Nurse Young.  In this appeal, Plaintiff disputes Dr. Roland Anderson's decision to discontinue his Plavix prescription.  Dr. Ware is the only other person Plaintiff includes by name in this appeal.  Unit Level Grievance Form OR-11-00206, ECF No. 58, p. 35.

On June 21, 2011, Defendant Kelley responded to Plaintiff's appeal.  In her response, Defendant Kelley noted Dr. Anderson, as medical director, did not authorize Plaintiff's Plavix prescription because there was no clinical reason to do so.  Defendant Kelley denied Plaintiff's appeal.  ECF No. 58, p. 36.

Separate Defendants' Motion for Summary Judgment is based on their argument that Plaintiff failed to exhaust his administrative remedies against them prior to filing this lawsuit. Separate Defendants concede Plaintiff exhausted grievance OR-11-00024, but they assert this was the only grievance exhausted prior to Plaintiff filing this lawsuit.  Further, Separate Defendants argue that even though Plaintiff exhausted OR-11-00024 he failed to exhaust his available administrative remedies against them because he failed to list them by name or list any claims against them in the exhausted grievances.

Plaintiff responded arguing that the undersigned previously addressed the issue of exhaustion and it should not be addressed again, however, he also argues he exhausted all of his administrative remedies as outlined in Administrative Directive 10-32.  Plaintiff concedes Defendant Anderson was not named in grievance OR-11-00024 but alleges the grievance "wound its way through the hands of Dr. Anderson."  Plaintiff then goes on to argue the merits of his

5

claims.  Finally, Plaintiff argues it would have been impossible to write grievance OR-11-00024 to satisfy what Separate Defendants allege is required.

Separate Defendants replied arguing Plaintiff failed to present any evidence that he exhausted any grievances against Separate Defendants.  Further, Separate Defendants note that Plaintiff filed grievance OR-11-00024 on January 3, 2011 but Plaintiff's claims against Separate Defendants did not occur until after January 3, 2011.  Thus, it is impossible for OR-11-00024 to have exhausted Plaintiff's grievances against Separate Defendants.

Separate Defendants also filed a Supplement to their Reply providing a recent Eighth Circuit Court of Appeals ("Court of Appeals") decision applicable to this case—*Champion v. Akins,* 498 Fed.Appx 670 (8th Cir. 2013) (unpublished opinion).

## II.   LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party."  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  The Court must view all evidence and inferences in a light most favorable to the nonmoving party.  *See McCleary v.*

*ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**III.    DISCUSSION**

The Prison Litigation Reform Act ("PLRA"), mandates exhaustion of available administrative remedies before and inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

As an initial matter, Plaintiff spent the majority of his response arguing the merits of his claims. I will not, however, address the merits of Plaintiff's claims at this time. Separate Defendants have moved for summary judgment based solely on their argument that Plaintiff failed to exhaust his claims against them prior to filing this lawsuit. If this proves true, I need not reach the merits of Plaintiff's claims. *See* 42 U.S. C. § 1997e(a).

Further, Plaintiff argues that I have previously addressed the issue of exhaustion and need not do it again. While I previously addressed whether Plaintiff's claims against Separate Defendants Reed and Kelley were exhausted it has not previously addressed whether Plaintiff's claims against Separate Defendants are exhausted. Therefore, I will do so here for the first time.

A.    OR-11-00024

Separate Defendants argue Plaintiff failed to name either of them or assert any claims against either of them in his one exhausted grievance OR-11-00024.

7

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

Administrative Directive 10-32 dictates the inmate grievance procedure at the ADC during the time in issue here. ECF No. 14-1.[4] With respect to step one, inmates are advised both in the administrative directive and on the grievance form that the forms must include "the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." ECF No. 1 at p. 13; ECF No. 14-1, IV(E)(2). Inmates are further advised that they "must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 claim and Claims Commission claim. If this is not done, [inmates are advised], their lawsuits or claims may be dismissed immediately." ECF No. 14-1, IV(N).

As I discussed in my Report and Recommendation dated June 23, 2014, the case law from the Court of Appeals on the instant issues is complicated and I take this opportunity to survey the most recent decisions on the issue and analyze the applicability to the Separate Defendants' Motion to Dismiss.

In *Hammett v. Cofield*, 681 F.3d 945 (8th Cir. 2012), the Court of Appeals declined to

---

[4] Attached as Exhibit 1 to Defendants Reed and Kelley's first Motion to Dismiss.

8

dismiss the plaintiff's claims for failure to exhaust because the prison considered his claims on the merits even though the grievances were filed out of time. Particularly, the Court of Appeals considered "whether a grievance form that could have been denied for failure to comply with a procedural requirement is nonetheless exhausted for PLRA purposes if the institutional decision-maker instead denied it on its merits." *Id.* at 947. The Court of Appeals joined all other circuits that had addressed the issue and ruled that "the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." It noted that all the benefits of the exhaustion requirement, including allowing prisons to address complaints first, reducing litigation to the extent complaints are resolved, and preparing a useful record for litigation, are "fully realized when an inmate pursues the prison grievance process to its final stage and received an adverse decision on the merits, even if the decision-maker could have declined to reach the merits because of one or more procedural deficiencies." *Id.; see also Reed-Bey v. Pramstaller,* 603 F.3d 322 (6th Cir. 2010) (requirement that inmate name all defendants in a grievance procedure does not preclude exhaustion when the decision-maker does not enforce its own rules).

However, in the most recent decision issued by the Court of Appeals on this issue, *Champion v. Akins,* 498 Fed.Appx 670 (8th Cir. 2013) (unpublished opinion),[5] the Court of Appeals affirmed the district court's grant of defendants' motion for summary judgment for failure to exhaust. In *Champion* the district court found Plaintiff failed to exhaust his administrative remedies as to his claims against the wardens because he did not state in any of his exhausted grievances how the

---

[5] The unpublished Court of Appeals cases cited herein are cited pursuant to Rule 32.1A of the United States Court of Appeals for the Eight Circuit Local Rules. Pursuant to Rule 32.1A, these opinions were issued after January 1, 2007, are persuasive to the issue presented here, and there are no published opinions on the distinct issue presented here.

wardens were involved in the grieved incidents. The Court of Appeals noted that even though the wardens read Plaintiff's grievances, Plaintiff had not made any grievances against the wardens in his exhausted grievances. *Id.*

One year prior to *Champion* the Court of Appeals declined to affirm a district court's similar decision granting a motion to dismiss. *See Bower v. Kelley,* 494 Fed.Appx 718 (8th Cir. 2012) (reversing the district court's grant of summary judgment for failure to exhaust). In *Bower,* the Court of Appeals rejected the defendants argument that the claims against them were rightly dismissed because the plaintiff failed to name them specifically in any exhausted grievances. The Court of Appeals cited to *Hammett* as support for its decision in *Bower* with no further analysis. *Id.* Interestingly, the *Champion* decision makes no mention of the *Bower* decision.

Convoluting matters further is *Ferrell v. Norris,* 441 Fed.Appx. 399 (8th Cir. 2011) (affirming the district court's dismissal of defendants for failure to exhaust because the plaintiff failed to specifically name the defendants in his grievances) (unpublished opinion) and *Adams v. Hobbs,* 402 Fed.Appx. 157 (8th Cir. 2010) (affirming the district court's dismissal of defendants for failure to exhaust because the plaintiff failed to specifically name the defendants in his grievances) (unpublished opinion). Both of these decisions were issued prior to *Bower,* but the holdings are in line with the *Champion* decision. *Bower* does not reference *Ferrell* or *Adams*.

Accordingly, it appears *Bower* stands alone and the trend in this Circuit is to require a *pro se* plaintiff to specifically name in his grievances those which he asserts grievances against in accordance with the prison grievance procedure.

Further, the Eastern District of Arkansas recently issued an opinion with facts similar to those presented here. *See Waller v. Kelley,* 956 F.Supp.2d 1007, 1013 (E.D. Ark. July 9, 2013). In *Waller*,

the district court interpreted *Hammett* to state only a narrow exception to the PLRA exhaustion requirement:

> *Hammett* only applies in cases where prison officials overlook or ignore procedural flaws in a prisoner's grievances (which otherwise would have allowed them to deny the grievances) and reach and decide the merits of the specific claims asserted against specifically named individuals.  In such cases, when a prisoner later files a § 1983 action that asserts the same claims against the same named individuals, any procedural defects in the grievance can not be used by a defendant to support a failure to exhaust argument.

*Waller*, 956 F.Supp.2d at 1013.  In light of the Court of Appeals decisions, I agree with this interpretation by the Eastern District.

      i.    *Defendant Anderson*

Here, as in *Waller*, Plaintiff fully exhausted grievance OR-11-00024, but he did not name Defendant Anderson in the exhausted grievance.  Because Plaintiff failed to list Defendant Anderson in his exhausted grievances or to file any grievances against him, the ADC was not first provided notice of the claims Plaintiff asserts against Defendant Anderson in this lawsuit, and the ADC was unable to address and correct any such problems as required by the PLRA.  *See Jones,* 549 U.S. at 219 (the PLRA's purpose is to allow "a prison to address complaints about the program it administers before being subjected to suit").  This is distinguishable from *Hammett* where the plaintiff's grievances were filed late but the prison nevertheless accepted and considered the grievances on the merits.  *Hammett*, 681 F.3d 945 (8th Cir. 2012).  In *Hammett,* the prison was afforded an opportunity to consider and correct the grievances first.  *Id.*  Here no such opportunity was provided to the ADC regarding Plaintiff's claims against Defendant Anderson.

Additionally, Plaintiff's argument that Defendant Anderson was on notice Plaintiff was being denied Plavix because OR-11-00024 "wound its way through the hands of Dr. Anderson" is

unconvincing.  The PLRA requires Plaintiff to first give the ADC the opportunity to address and correct his grievances prior to bringing suit on the matter.  This alleged notice to Defendant Anderson does not satisfy the ADC grievance procedure as outlined in Administrative Directive 10-32, therefore, it fails to satisfy the exhaustion requirements of the PLRA.

Lastly, Plaintiff's argument that it was impossible for him to satisfy the PLRA exhaustion requirements is also unconvincing.  Plaintiff argues it was impossible for him to include any grievances against Dr. Anderson in OR-11-00024 because Plaintiff's grievances against Dr. Anderson had not occurred when Plaintiff filed OR-11-00024.  I agree.  Plaintiff fails to consider that he could have filed subsequent grievances, and in fact did file subsequent grievances, against Dr. Anderson for his later actions.  Had Plaintiff fully exhausted those later grievances prior to filing this lawsuit he would have satisfied the exhaustion requirements of the PLRA regarding his claims against Defendant Anderson.  Therefore, Plaintiff's argument that it was impossible to satisfy the PLRA exhaustion requirements fails.

Accordingly, there are no genuine issues of material fact as to whether Plaintiff failed to properly exhaust his official and individual capacity claims against Defendant Anderson pursuant to the PLRA. All of Plaintiff's claims against Defendant Anderson should be dismissed without prejudice.

      ii.    *Defendant Corizon, Inc.*

Applying the above enumerated reasoning regarding notice, I find that Corizon, Inc. should also be dismissed based on Plaintiff's failure to name Corizon, Inc. or to make any references or grievance regarding the policies or procedures of Corizon, Inc. in OR-11-00024.  Here Plaintiff claims that Corizon, Inc. denied him Plavix because it was "nonformulary" and expensive.  The

12

ADC was not first provided notice of the claims Plaintiff asserts against Defendant Corizon, Inc in this lawsuit, and the ADC was unable to address and correct any such problems as required by the PLRA. *See Jones,* 549 U.S. at 219 (the PLRA's purpose is to allow "a prison to address complaints about the program it administers before being subjected to suit"). Accordingly, Plaintiff failed to exhaust any claims against Corizon, Inc.

  B.  OR-11-00206

Plaintiff's greivance OR-11-00206 was not exhausted prior to Plaintiff filing this lawsuit.[6] A prisoner's administrative remedies must be exhausted at the time he files his lawsuit. *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003). Further, exhaustion pursuant to the PLRA is defined by the prison's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 217-218 (2007). As explained above, the ADC grievance procedure is enumerated in Administrative Directive 10-32. ECF No. 14-

---

[6] There is a discrepancy in my consideration of OR-11-00206 in the Report and Recommendation regarding ADC Defendants' Motion to Dismiss issued on June 23, 2014 and the instant Report and Recommendation. In the June 23, 2014 Report and Recommendation I noted: "While Defendants Reed and Kelley concede Plaintiff exhausted the grievances alleged in OR-11-00024 and OR-11-00206 pursuant to ADC policy, they argue Plaintiff failed to exhaust his available administrative remedies against them because he failed to list them by name in either of his exhausted grievances." I went on to consider whether the ADC Defendants were named in both OR-11-00024 and OR-11-00206. Here, however, I determined I would not consider OR-11-00206 because Plaintiff failed to exhaust this grievance prior to filing this lawsuit. The differences in my analysis stem from the different arguments presented by the Separate Defendants in their Motions. The ADC Defendants conceded OR-11-00206 was exhausted (which is an understandable concession since the grievance was exhausted but still failed to name the ADC Defendants), therefore, I considered it. Here, however, the Separate Defendants properly argue that Plaintiff failed to exhaust OR-11-00206 prior to filing this lawsuit (another proper argument because even though Plaintiff pursued the grievance through final appeal it was not exhausted until after he filed this lawsuit). Therefore, the discrepancies in my consideration of OR-11-00206 across multiple Report and Recommendations is attributable to the varying arguments presented by the ADC Defendants and the Separate Defendants in their separate Motions to Dismiss and Motion for Summary Judgment. I find no conflict is created by these discrepancies.

1. According to Administrative Directive 10-32: "A written decision or rejection of an appeal at [Unit Level Grievance] is the end of the grievance process." ECF No. 14-1, p. 12. Further, Administrative Directive 10-32 advises prisoners of the PLRA exhaustion requirement: "Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim." ECF No. 14-1, p. 18.

Here, Plaintiff's appeal regarding OR-11-00206 was not denied until June 11, 2011, however, he filed this lawsuit on May 16, 2011. Therefore, he filed this lawsuit prior to exhausting OR-11-00206 pursuant to ADC Administrative Directive 10-32.

Accordingly, even though Plaintiff mentions Defendant Anderson by name and also alleges grievances against him for denying the Plavix prescription in OR-11-00206, Plaintiff failed to exhaust this grievance prior to filing the instant lawsuit in accordance with ADC grievance procedures. Further, Plaintiff did not mention Corizon, Inc. or any grievances against the policies and procedures of Corizon, Inc. in OR-11-00206. Therefore, grievance OR-11-00206 does not satisfy Plaintiff's duty to exhaust under the PLRA.

## IV.   CONCLUSION

For the foregoing reasons, I recommend Separate Defendants Corizon, Inc. and Anderson's Motion for Summary Judgment (ECF No. 71) be **GRANTED** and Separate Defendants Corizon Inc., and Anderson be dismissed from this action without prejudice pursuant to 42 U.S.C. § 1997e(a)..

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

   **DATED this 10th day of July 2014.**

                              /s/ Barry A. Bryant
                              HON. BARRY A. BRYANT
                              UNITED STATES MAGISTRATE JUDGE