IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ELTON BENNIE SMITH, JR.                                                         PLAINTIFF

v.                                   Civil No. 3:11-cv-06036

CORIZON, INC.; MEDICAL DIRECTOR
ROLAND ANDERSON; WARDEN W.D.
REED; DEPUTY DIRECTOR WENDY
KELLEY; JOHN DOE; JUDITH SAVOY;
DR. SHIRLEY BARNES; DREAM
REDIC-YOUNG; DR. DAVID WARE;
and NURSE JENNIFER HUGHES                                                       DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Elton Smith, pursuant to 42 U.S.C. § 1983. Plaintiff is no longer incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is the issue of service related to Defendant Shirley Barnes. After careful consideration, I make the following Report and Recommendation.

During the time at issue in this case, Plaintiff was incarcerated at the Arkansas Department of Corrections, Ouachita River Correctional Unit. Plaintiff is no longer incarcerated. Plaintiff filed his original Complaint on May 16, 2011. ECF No. 1. Plaintiff did not name Barnes in his original Complaint. ECF No. 1. Plaintiff subsequently filed multiple motions to amend and supplement. In one of these Motions to Supplement, Plaintiff sought leave to add Barnes as a defendant in this matter. ECF No. 48. On December 13, 2012, I granted Plaintiff's Motions to Supplement and Amend, including ECF

1

No. 48, and specifically stated "Plaintiff will be allowed to add . . . Shirley Barnes. . . as [a] Defendant . . . . ECF No. 51. In this same Order, I directed Plaintiff to file an Amended Complaint. Plaintiff filed his Amended Complaint on January 22, 2013. ECF No. 58. I ordered service on Barnes on February 7, 2013. ECF No. 74. The summons issued to Barnes was returned unexecuted on March 6, 2013. ECF No. 114.

It is Plaintiff's responsibility to provide the Court with an address for proper service on Defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). It has been over a year since the summons for Barnes was returned unexecuted, and Plaintiff has not provided the Court with any additional addresses or identifying information to use in serving Barnes. I also requested counsel for the other medical defendants in this matter accept service for Barnes but counsel informed me that she would not be able to do so because she could not identify Barnes and Barnes was not a current contractor or employee with her client, Corizon, Inc.

For the foregoing reasons, I recommend Defendant Barnes be **DISMISSED** from this action without prejudice and that Plaintiff be advised that he may file a separate action against her if he is able to obtain an accurate service address for her.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 10th day of July 2014.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE