IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ELTON BENNIE SMITH, JR.                                              PLAINTIFF

v.                              Civil No. 3:11-cv-06036

CORIZON, INC.; MEDICAL DIRECTOR
ROLAND ANDERSON; WARDEN W.D.
REED; DEPUTY DIRECTOR WENDY
KELLEY; JOHN DOE; JUDITH SAVOY;
DR. SHIRLEY BARNES; DREAM
REDIC-YOUNG; DR. DAVID WARE;
and NURSE JENNIFER HUGHES                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Elton Smith, pursuant to 42 U.S.C. § 1983. Plaintiff is no longer incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Separate Defendants David Ware, Judith Savoy, and Dream Redic-Young's Motion to Dismiss. ECF No. 101. Plaintiff responded. ECF No. 104. After careful consideration, I make the following Report and Recommendation.

**I.     BACKGROUND**

During the time at issue in this case, Plaintiff was incarcerated at the Arkansas Department of Corrections, Ouachita River Correctional Unit ("ADC"). Plaintiff is no longer incarcerated. Plaintiff filed his original Complaint on May 16, 2011. ECF No. 1. Plaintiff filed an Amended

Complaint on January 22, 2013.  ECF No. 58.  Plaintiff named Separate Defendants David Ware, Judith Savoy, and Dream Redic-Young (collectively "Separate Defendants") for the first time in his Amended Complaint.  ECF No. 58.  Separate Defendants filed their Motion to Dismiss on February 22, 2013.  ECF No. 101.

In Plaintiff's Amended Complaint, he states he is suing the Separate Defendants in their official and individual capacities.  ECF No. 58.  Plaintiff claims his Eighth Amendment rights were violated by Separate Defendants when they acted deliberately indifferent in denying Plaintiff's medication—Plavix.

According to the allegations of the Amended Complaint, Plaintiff suffered three heart attacks in 2008 prior to being incarcerated in the ADC Ouachita River Unit on May 29, 2009. Upon incarceration in the ADC in May 2009, Plaintiff had eight coronary arterial stents,[1] and had been advised by cardiologists at the Veteran's Administration Medical Center-Memphis and St. Bernard's Hospital-Jonesboro that he needed to take Plavix[2] and aspirin for the remainder of his life.

---

[1] "A stent is a small mesh tube that's used to treat narrow or weak arteries . . . a stent is placed in an artery as part of a procedure called percutaneous coronary intervention (PCI), sometimes referred to as a coronary angioplasty.  PCI restores blood flow through narrow or blocked arteris.  A stent helps support the inner wall fo the artery in the months or years after PCI.  http://www.nhlbi.nih.gov/health/health-topics/topics/stents/ (accessed June 21, 2014).

[2] Plavix is a prescription medicine used to treat people who have any of the following: chest pain due to heart problems; poor circulation in their legs (peripheral arterial disease); a heart attack; a stroke.  "Plavix is used alone or with aspirin to lower your chance of having another serious problem with your heart or blood vessels such as heart attack, stroke, or blood clot that can lead to death."  http://www.fda.gov/downloads/Drugs/DrugSafety/UCM243349.pdf (accessed June 12, 2014).

Plaintiff claims Separate Defendants were deliberately indifferent to his medical needs.[3] Specifically, Plaintiff claims: (1) Separate Defendant Ware concurred with Separate Defendant Anderson's order to discontinue Plaintiff's Plavix prescription and canceled Plaintiff's Plavix prescription on March 12, 2011; (2) Separate Defendant Ware also failed to refer Plaintiff for a cardiac clinical exam from December 2010 through September 2012 (3) Separate Defendant Redic-Young ignored Plaintiff's requests for Plavix, declined to schedule appointments for Plaintiff and ignored Plaintiff's written requests; (4) Separate Defendant Savoy informed Plaintiff his EKG testing was normal on June 5, 2012 when in fact he was suffering from a cardiac episode, and denied him visits with the doctor and cardiac specialist in June 2012.

Plaintiff goes on to state in his Amended Complaint that grievance OR-11-00024 is the genesis of this action, and Plaintiff attaches this grievance to his Amended Complaint. Further, Plaintiff discusses grievance OR-11-00206. Plaintiff also attaches this document to his Amended Complaint.[4]

On January 3, 2011, Plaintiff submitted an informal grievance and this form was labeled OR-11-00024 by ADC staff. ECF No. 58, p. 31. In this grievance Plaintiff states:

---

[3] Separate Defendants' Motion to Dismiss is based on a failure to exhaust argument. Therefore, I will not enumerate all facts alleged by Plaintiff herein. Instead, I will limit the facts to those facts necessary to analyze whether Plaintiff fully and properly exhausted his claims prior to filing this lawsuit.

[4] Because Plaintiff incorporated these documents into his Amended Complaint, I will consider them here on this Motion to Dismiss. *See Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697, n. 4 (8th Cir. 2003) ("in considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint").

>on 12-22-10 I submitted an inmate request form to the infirmary that I was out of Plavix, a heart medication. I ran out of Plavix on 12-21-10. I had submitted the re-order sticker on or about 12-18-10. I then submitted a missing medication form on or about 12-24-10. On 12-26-10 I received a reply from Nurse Jennifer Hughes that my 'med has been ordered on 12-24-10.' On Jan 2, 2011 I submitted a sick call slip mentioning I hadn't received the Plaivix. By chance the nurse I saw was Jennifer Hughes. She asked about my 'problem' then said she couldn't find anything in the computer about the Plavix being ordered. I told her I have the inmate request form from her saying they'd been ordered on 12-24-10. Plavix is not to be taken sporadically. On the sick call slip I mentioned I was to see a doctor about a 14 month scalp . . . problem. She said it takes 3 weeks. I was scheduled for a dr. on 12-13-10 by Nurse Hughes. Today would be more than 3 weeks. Hunter said it was ordered on 12-31-10.

Unit Level Grievance Form OR-11-00024, ECF No. 58, p. 31 (errors in original). Nurse Young replied to this grievance on January 7, 2011 stating Plaintiff's prescription had expired. She explained Plaintiff's Plavix was reordered, but the ordering required approval from the regional medical director and that approval was in process. Nurse Young indicated the grievance had merit but was being resolved. Health Services Response to Unit Level Grievance OR-11-00024, ECF No. 58, p. 32.

Plaintiff then appealed Nurse Young's response stating that his Plavix is necessary and asking for assurance that this delay does not happen again. Plaintiff did not mention any person by name in his appeal other than LPN Hughes. Health Services Response to Unit Level Grievance, ECF No. 58, p. 32.

On April 6, 2011, Separate Defendant Wendy Kelley responded to Plaintiff's appeal. Separate Defendant Kelley gave a history of Plaintiff's grievance and indicated he still did not have his Plavix prescription. Separate Defendant Kelly noted that her staff contacted Nurse Young, and Nurse Young reported that the authorization for Plaintiff's Plavix prescription would be sent that day. Separate Defendant Kelly found Plaintiff's appeal to have merit but indicated steps were

4

being taken to remedy the situation.  Chief Deputy/Deputy/Assistant Director's Decision OR-11-00024, ECF No. 58, p. 33.

On  March 17, 2011, Plaintiff submitted a second informal grievance complaining he still had not received his Plavix prescription.  Unit Level Grievance Form OR-11-00206, ECF No. 58, p. 34.  In this Grievance Plaintiff stated:

> On Sat, March 12, I was seen by the unit physician, Dr. Ware.  He ordered me 75 mg Plavix.  He gave me a 3 day emergency supply.  I took the last one today (3/14/11).  Terry Douglas and LPN Hunter brought OPM's by tonite and Hunter wouldn't give me AM issue medication form and she told Douglas Terry that some other Doctor had rescinded the prescription.  Presumably this is a doctor who hasn't seen me.  I've filed a previous informal and then formal greivance.  Dream Young returned an inmate request form to me today 3-14-11 saying I should've received the 75 mg Plavix on 3-12-11.  That was the three pills given as emergency supply.  What doctor rescinded the prescription and why?  On 3-17-11 LPN Hunter said Dr. Anderson overrode Dr. Ware.

Unit Level Grievance Form OR-11-00206, ECF No. 58, p. 34 (errors in original).  Nurse Young responded to Plaintiff's grievance stating that the medical director did not approve Plaintiff's prescription, and therefore, he would be placed on aspirin therapy.  Nurse Young found Plaintiff's grievance without merit.  Unit Level Grievance Form OR-11-00206, ECF No. 58, p. 35.

On May 3, 2011, Plaintiff appealed this decision by Nurse Young.  In this appeal, Plaintiff disputes Dr. Roland Anderson's decision to discontinue his Plavix prescription.  Dr. Ware is the only other person Plaintiff includes by name in this appeal.  Unit Level Grievance Form OR-11-00206, ECF No. 58, p. 35.

On June 21, 2011, Separate Defendant Kelley responded to Plaintiff's appeal.  In her response Separate Defendant Kelley noted Dr. Anderson, as medical director, did not authorize Plaintiff's Plavix prescription because there was no clinical reason to do so.  Separate Defendant

5

Kelley denied Plaintiff's appeal.

Separate Defendants' argue in their Motion to Dismiss that Plaintiff failed to exhaust his administrative remedies against them prior to filing this lawsuit. Separate Defendants adopt the arguments set forth by the ADC Defendants in their February 5, 2013 Motion to Dismiss (ECF No. 69) and Separate Defendants Corizon, Inc. and Anderson's Motion for Summary Judgment filed on February 5, 2013 (ECF No. 71). Further, Separate Defendants concede Plaintiff exhausted grievance OR-11-00024, but they assert this was the only grievance exhausted prior to Plaintiff filing the instant action. Additionally, Separate Defendants argue that even though Plaintiff exhausted OR-11-00024, he failed to exhaust his available administrative remedies against them because he failed to list them by name or to list any claims against them in the exhausted grievances. Lastly, Separate Defendants argue the Plaintiff's claims against Separate Defendant Savoy relate to actions by Separate Defendant Savoy that did not occur until 2012, therefore, these claims could not possibly have been exhausted when this lawsuit was filed in May 2011.[5]

---

[5] Separate Defendants also argue they are entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4) because Separate Defendants have not been served with the Amended Complaint. I ordered service in this matter as I do in all prisoner *pro se* matters where the prisoner proceeds *in forma pauperis*. Specifically, I ordered service on Separate Defendants, in care of Humphries & Lewis, on January 23, 2013. I did not specify in this Order whether the original Complaint or the Amended Complaint were to be served on Separate Defendants. ECF No. 60. The Clerk of the Court attached the original Complaint to the Summons when they were issued. ECF No. 61. The Summons issued for Separate Defendants were returned executed indicating Separate Defendants were served on February 1, 2013. ECF Nos. 80-82. I will not dismiss Plaintiff's Amended Complaint for insufficient process when I ordered the process, and any insufficiencies were due to no fault of Plaintiff. Counsel for Separate Defendants represents other Separate Defendants in this matter, entered an appearance in this matter well before the Amended Complaint was filed, and received a copy of the Amended Complaint through CM/ECF notifications when it was filed on January 22, 2013. Therefore, I find Separate Defendants were not prejudice by the insufficient process. Moreover, any prejudice is likely moot as I am recommending dismissal of Separate Defendants in this Report and Recommendation. If Separate Defendants are not dismissed from this action I will reissue

Plaintiff responded arguing I previously issued a Report and Recommendation on the issue of exhaustion, and Plaintiff did exhaust his administrative remedies. Plaintiff also argues the merits of his claims.

## II.     LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.    DISCUSSION

The Prison Litigation Reform Act ("PLRA"), mandates exhaustion of available administrative remedies before and inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

As an initial matter, the Plaintiff spent a significant portion of his response arguing the merits

---

service of the Amended Complaint on Separate Defendants to cure any deficiencies in service.

of his claims.  However, I will not address the merits of Plaintiff's claims at this time.  Separate Defendants have moved to dismiss based solely on their argument that Plaintiff failed to exhaust his claims against them prior to filing this lawsuit.  If this proves true, I need not reach the merits of Plaintiff's claims.  *See* 42 U.S. C. § 1997e(a).

Further, Plaintiff argues that I have previously addressed the issue of exhaustion and need not do it again.  While I have previously addressed whether Plaintiff's claims against Separate Defendants Reed and Kelley were exhausted it has not addressed whether Plaintiff's claims against these Separate Defendants are exhausted.  Therefore, it will do so here for the first time.

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219.  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted).  The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

Administrative Directive 10-32 dictates the inmate grievance procedure at the ADC during the time in issue here.  ECF No. 14-1.[6]  With respect to step one, inmates are advised both in the administrative directive and on the grievance form that the forms must include "the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."  ECF No. 1 at p. 13; ECF No. 14-1, IV(E)(2).  Inmates are further advised that they "must

---

[6] Attached as Exhibit 1 to ADC Separate Defendants' first Motion to Dismiss.

exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 claim and Claims Commission claim.  If this is not done, [inmates are advised], their lawsuits or claims may be dismissed immediately." ECF No. 14-1, IV(N).

As I discussed in the June 23, 2014 Report and Recommendation, the case law from the Eighth Circuit Court of Appeals ("Court of Appeals") on the instant issue is complicated.  I again take the opportunity to survey the most recent decisions on the issue and analyze the applicability of this case law to Separate Defendants' Motion to Dismiss.

In *Hammett v. Cofield*, 681 F.3d 945 (8th Cir. 2012),  the Court of Appeals declined to dismiss the plaintiff's claims for failure to exhaust because the prison considered his claims on the merits even though the grievances were filed out of time.  Particularly, the Court of Appeals considered "whether a grievance form that could have been denied for failure to comply with a procedural requirement is nonetheless exhausted for PLRA purposes if the institutional decision-maker instead denied it on its merits." *Id.* at 947.  The Court of Appeals joined all other circuits that had addressed the issue and ruled that "the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits."  It noted that all the benefits of the exhaustion requirement, including allowing prisons to address complaints first, reducing litigation to the extent complaints are resolved, and preparing a useful record for litigation, are "fully realized when an inmate pursues the prison grievance process to its final stage and received an adverse decision on the merits, even if the decision-maker could have declined to reach the merits because of one or more procedural deficiencies." *Id.; see also Reed-Bey v. Pramstaller,* 603 F.3d 322 (6th Cir. 2010) (requirement that inmate name all defendants in a grievance procedure does not preclude exhaustion when the decision-maker does not enforce its own rules).

9

However, in the most recent decision issued by the Court of Appeals on this issue, *Champion v. Akins,* 498 Fed.Appx 670 (8th Cir. 2013) (unpublished opinion),[7] the Court of Appeals affirmed the district court's grant of defendants' motion for summary judgment for failure to exhaust. In *Champion* the district court found Plaintiff failed to exhaust his administrative remedies as to his claims against the wardens because he did not state in any of his exhausted grievances how the wardens were involved in the grieved incidents. The Court of Appeals noted that even though the wardens read Plaintiff's grievances, Plaintiff had not made any grievances against the wardens in his exhausted grievances. *Id.*

One year prior to *Champion* the Court of Appeals declined to affirm a district court's similar decision granting a motion to dismiss. *See Bower v. Kelley,* 494 Fed.Appx 718 (8th Cir. 2012) (reversing the district court's grant of summary judgment for failure to exhaust). In *Bower,* the Court of Appeals rejected the defendants argument that the claims against them were rightly dismissed because the plaintiff failed to name them specifically in any exhausted grievances. The Court of Appeals cited to *Hammett* as support for its decision in *Bower* with no further analysis. *Id.* Interestingly, the *Champion* decision makes no mention of the *Bower* decision.

Convoluting matters further is *Ferrell v. Norris,* 441 Fed.Appx. 399 (8th Cir. 2011) (affirming the district court's dismissal of defendants for failure to exhaust because the plaintiff failed to specifically name the defendants in his grievances) (unpublished opinion) and *Adams v. Hobbs,* 402 Fed.Appx. 157 (8th Cir. 2010) (affirming the district court's dismissal of defendants for

---

[7] The unpublished Court of Appeals cases cited herein are cited pursuant to Rule 32.1A of the United States Court of Appeals for the Eight Circuit Local Rules. Pursuant to Rule 32.1A, these opinions were issued after January 1, 2007, are persuasive to the issue presented here, and there are no published opinions on the distinct issue presented here.

failure to exhaust because the plaintiff failed to specifically name the defendants in his grievances) (unpublished opinion). Both of these decisions were issued prior to *Bower,* but the holdings are in line with the *Champion* decision. *Bower* does not reference *Ferrell* or *Adams.*

Accordingly, it appears *Bower* stands alone and the trend in this Circuit is to require a *pro se* plaintiff to specifically name in his grievances those which he asserts grievances against in accordance with the prisons grievance procedure.

Further, the Eastern District of Arkansas recently issued an opinion with facts similar to those presented here. *See Waller v. Kelley,* 956 F.Supp.2d 1007, 1013 (E.D. Ark. July 9, 2013). In *Waller*, the district court interpreted *Hammett* to state only a narrow exception to the PLRA exhaustion requirement:

> Hammett only applies in cases where prison officials overlook or ignore procedural flaws in a prisoner's grievances (which otherwise would have allowed them to deny the grievances) and reach and decide the merits of the specific claims asserted against specifically named individuals. In such cases, when a prisoner later files a § 1983 action that asserts the same claims against the same named individuals, any procedural defects in the grievance can not be used by a defendant to support a failure to exhaust argument.

*Waller*, 956 F.Supp.2d at 1013. In light of the Court of Appeals decisions, I agree with this interpretation by the Eastern District.

Here, as in *Waller*, Plaintiff fully exhausted grievance OR-11-00024 but he did not name Separate Defendants in the exhausted grievance or allege any grievances against Separate Defendants in this exhausted grievance. While Separate Defendant Young did respond to Plaintiff's initial grievance, Plaintiff did not assert any grievances against Separate Defendant Young in his initial grievance or his appeal. Further, Plaintiff did not mention Separate Defendant Ware or Savoy in this exhausted greivance at any step in the grievance process. Because Plaintiff failed to list Separate

Defendants or assert any claims or grievances against them in OR-11-00024, the ADC was not first provided notice of the claims Plaintiff now asserts against Separate Defendants in this lawsuit. Without notice, the ADC was unable to address and correct any problems alleged as required by the PLRA. *See Jones,* 549 U.S. at 219 (the PLRA's purpose is to allow "a prison to address complaints about the program it administers before being subjected to suit").

This is distinguishable from *Hammett* where the plaintiff's grievances were filed late but the prison nevertheless accepted and considered the grievances on the merits. *Hammett*, 681 F.3d 945 (8th Cir. 2012). In *Hammett,* the prison was afforded an opportunity to consider and correct the grievances first. *Id.* Here no such opportunity was provided to the ADC regarding Plaintiff's claims against Separate Defendants.

Moreover, Plaintiff's complaints against Separate Defendant Savoy did not arise until well after the exhaustion of grievances OR-11-00024. Plaintiff's claims against Separate Defendant Savoy relate to actions taken by Separate Defendant Savoy in June 2012—more than a year after this lawsuit was filed. Therefore, Plaintiff could not have exhausted his claims against Separate Defendant Savoy prior to filing this lawsuit.

Accordingly, Plaintiff has failed to properly exhaust his claims against Separate Defendants pursuant to the PLRA, and all of Plaintiff's claims against Separate Defendants should be dismissed without prejudice.

B.  OR-11-00206

Plaintiff's greivance OR-11-00206 was not exhausted prior to Plaintiff filing this lawsuit.[8]

---

[8] There is a discrepancy in my consideration of OR-11-00206 in the Report and Recommendation regarding ADC Defendants' Motion to Dismiss issued on June 23, 2014 and the instant Report and Recommendation. In the June 23, 2014 Report and Recommendation I

A prisoner's administrative remedies must be exhausted at the time he files his lawsuit. *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003). Further, exhaustion pursuant to the PLRA is defined by the prison's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 217-218 (2007). The ADC grievance procedure is enumerated in Administrative Directive 10-32. ECF No. 14-1. According to Administrative Directive 10-32: "A written decision or rejection of an appeal at [Unit Level Grievance] is the end of the grievance process." ECF No. 14-1, p. 12. Further, Administrative Directive 10-32 advises prisoners of the PLRA exhaustion requirement: "Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim." ECF No. 14-1, p. 18.

Here, Plaintiff's appeal regarding OR-11-00206 was not denied until June 11, 2011, however, he filed this lawsuit on May 16, 2011. Therefore, he filed this lawsuit prior to exhausting OR-11-00206 pursuant to ADC Administrative Directive 10-32.

---

noted: "While Defendants Reed and Kelley concede Plaintiff exhausted the grievances alleged in OR-11-00024 and OR-11-00206 pursuant to ADC policy, they argue Plaintiff failed to exhaust his available administrative remedies against them because he failed to list them by name in either of his exhausted grievances." I went on to consider whether the ADC Defendants were named in both OR-11-00024 and OR-11-00206. Here, however, I determined I would not consider OR-11-00206 because Plaintiff failed to exhaust this grievance prior to filing this lawsuit. The differences in my analysis stem from the different arguments presented by the Separate Defendants in their Motions. The ADC Defendants conceded OR-11-00206 was exhausted (which is an understandable concession since the grievance was exhausted but still failed to name the ADC Defendants), therefore, I considered it. Here, however, the Separate Defendants properly argue that Plaintiff failed to exhaust OR-11-00206 prior to filing this lawsuit (another proper argument because even though Plaintiff pursued the grievance through final appeal it was not exhausted until after he filed this lawsuit). Therefore, the discrepancies in my consideration of OR-11-00206 across multiple Report and Recommendations is attributable to the varying arguments presented by the ADC Defendants and the Separate Defendants in their separate Motions to Dismiss and Motion for Summary Judgment. I find no conflict is created by these discrepancies.

13

Accordingly, grievance OR-11-0026 does not satisfy Plaintiff's duty to exhaust under the PLRA.

## IV. CONCLUSION

For the foregoing reasons, I recommend Separate Defendants' Motion to Dismiss (ECF No. 101) be **GRANTED** and Separate Defendants David Ware, Judith Savoy, and Dream Redic-Young be dismissed from this action without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 10th day of July 2014.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE