IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


ELTON BENNIE SMITH, JR.                                                    PLAINTIFF


v.                              Civil No. 3:11-cv-06036


CORIZON, INC.; MEDICAL DIRECTOR
ROLAND ANDERSON; WARDEN W.D.
REED; DEPUTY DIRECTOR WENDY
KELLEY; JOHN DOE; JUDITH SAVOY;
DR. SHIRLEY BARNES; DREAM
REDIC-YOUNG; DR. DAVID WARE;
and NURSE JENNIFER HUGHES                                                  DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Elton Smith, pursuant to 42 U.S.C. § 1983. Plaintiff is no longer incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Defendant Jennifer Hughes's Motion to Dismiss. ECF No. 111. Plaintiff responded. ECF No. 118. After careful consideration, I make the following Report and Recommendation.

**I.     BACKGROUND**

During the time at issue in this case, Plaintiff was incarcerated at the Arkansas Department of Corrections, Ouachita River Correctional Unit ("ADC"). Plaintiff is no longer incarcerated. Plaintiff filed his original Complaint on May 16, 2011. ECF No. 1. Plaintiff did not name

1

Hughes in his original Complaint.  ECF No. 1.  Plaintiff subsequently filed multiple motions to amend and supplement.  In one of these Motions to Supplement, Plaintiff sought leave to add Nurse Jennifer Hughes as a defendant in this matter.  ECF No. 48.  On December 13, 2012, I granted Plaintiff's Motions to Supplement and Amend, including ECF No. 48, and  specifically stated "Plaintiff will be allowed to add . . . Nurse Jennifer Hughes . . . as [a] Defendant . . . .  ECF No. 51.  In this same Order, I directed Plaintiff to file an Amended Complaint.  Plaintiff was advised that his Amended Complaint should include "(1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct."  ECF No. 51.  Further, Plaintiff was advised that I would not look favorably on any further motions to amend his Complaint.  Plaintiff filed his Amended Complaint on January 22, 2013.  ECF No. 58.  I ordered service on  Hughes on February 7, 2013.  ECF No. 74.  In response to the Amended Complaint,  Hughes filed the instant Motion to Dismiss.

In Plaintiff's Amended Complaint, he claims his Eighth Amendment rights were violated by all of the Separate Defendants when they denied him medication, specifically Plavix, and were deliberately indifferent to his medical needs.  According to the allegations of the Amended Complaint, Plaintiff suffered three heart attacks in 2008 prior to being incarcerated in the ADC on May 29, 2009.  Upon incarceration in the ADC in May 2009, Plaintiff had eight coronary arterial stents,[1] and had been advised by cardiologists at the Veteran's Administration Medical Center-

---

[1] "A stent is a small mesh tube that's used to treat narrow or weak arteries . . . a stent is placed in an artery as part of a procedure called percutaneous coronary intervention (PCI), sometimes referred to as a coronary angioplasty.  PCI restores blood flow through narrow or

Memphis and St. Bernard's Hospital-Jonesboro that he needed to take Plavix[2] and aspirin for the remainder of his life.

Plaintiff states in his Amended Complaint that grievance OR-11-00024 is the genesis of this action, and Plaintiff attaches this grievance to his Amended Complaint.[3]

On January 3, 2011, Plaintiff submitted an informal grievance and this form was labeled OR-11-00024 by ADC staff. ECF No. 58, p. 31. In this grievance Plaintiff states:

> on 12-22-10 I submitted an inmate request form to the infirmary that I was out of Plavix, a heart medication. I ran out of Plavix on 12-21-10. I had submitted the re-order sticker on or about 12-18-10. I then submitted a missing medication form on or about 12-24-10. On 12-26-10 I received a reply from Nurse Jennifer Hughes that my 'med has been ordered on 12-24-10.' On Jan 2, 2011 I submitted a sick call slip mentioning I hadn't received the Plaivix. By chance the nurse I saw was Jennifer Hughes. She asked about my 'problem' then said she couldn't find anything in the computer about the Plavix being ordered. I told her I have the inmate request form from her saying they'd been ordered on 12-24-10. Plavix is not to be taken sporadically. On the sick call slip I mentioned I was to see a doctor about a 14 month scalp . . . problem. She said it takes 3 weeks. I was scheduled for a dr. on 12-13-10 by Nurse Hughes. Today would be more than 3 weeks. Hunter said it was ordered on 12-31-10.

Unit Level Grievance Form OR-11-00024, ECF No. 28, p. 31 (errors in original). Separate

---

blocked arteris. A stent helps support the inner wall fo the artery in the months or years after PCI. http://www.nhlbi.nih.gov/health/health-topics/topics/stents/ (accessed June 21, 2014).

[2] Plavix is a prescription medicine used to treat people who have any of the following: chest pain due to heart problems; poor circulation in their legs (peripheral arterial disease); a heart attack; a stroke. "Plavix is used alone or with aspirin to lower your chance of having another serious problem with your heart or blood vessels such as heart attack, stroke, or blood clot that can lead to death." http://www.fda.gov/downloads/Drugs/DrugSafety/UCM243349.pdf (accessed June 12, 2014).

[3] Because Plaintiff incorporated these documents into his Amended Complaint, I will consider them here on this Motion to Dismiss. *See Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697, n. 4 (8th Cir. 2003) ("in considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint").

Defendant Young replied to this grievance on January 7, 2011 stating Plaintiff's prescription had expired. She explained Plaintiff's Plavix was reordered, but the ordering required approval from the regional medical director and that approval was in process. Separate Defendant Young indicated the grievance had merit but was being resolved. Health Services Response to Unit Level Grievance OR-11-0024, ECF No. 58, p. 32.

Plaintiff then appealed Separate Defendant Young's response stating that his Plavix is necessary and asking for assurance that this delay does not happen again. Plaintiff did not mention any person by name in his appeal other than Hughes. Health Services Response to Unit Level Grievance, ECF No. 58, p. 32.

On April 6, 2011, Separate Defendant Wendy Kelley responded to Plaintiff's appeal. Separate Defendant Kelley gave a history of Plaintiff's grievance and indicated he still did not have his Plavix prescription. Separate Defendant Kelly noted that her staff contacted Separate Defendant Young, and Nurse Young reported that the authorization for Plaintiff's Plavix prescription would be sent that day. Chief Deputy/Deputy/Assistant Director's Decision OR-11-0024, ECF No. 58, p. 33.

Hughes argues in her Motion to Dismiss that Plaintiff has not named her as a defendant in this matter, and alternatively, even if she was named as a defendant in this matter, Plaintiff has failed to state a claim against her upon which relief can be granted. ECF No. 112.

Plaintiff responded arguing that (1) he satisfied the requirements of ADC Administrative Directive 10-32 by properly exhausting his grievances, (2) he did state a claim against Hughes. Further, Plaintiff explains that he seeks no monetary damages from Hughes and states that he knows Hughes did not have the authority to discontinue his prescription of Plavix, write him a

4

new prescription for Plavix, or delete valid prescriptions from Plaintiff's medical records. Plaintiff believes Hughes violated his constitutional rights by failing to refer Plaintiff to a unit physician.

## II.    LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While I will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.   DISCUSSION

The issue of whether Plaintiff named Hughes as a defendant in his Amended Complaint is separate and apart from whether he stated a cognizable legal claim against Hughes. Therefore, I will analyze these issues separately.

### A.    Whether Hughes is named as a Defendant

Hughes first argues that she was not named as a party in Plaintiff's Amended Complaint.[4]

---

[4] Hughes also argues she is entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4) because she has not been served with the Amended Complaint. As I previously addressed in my Report and Recommendation on Separate Dependants Ware, Savoy, and Redic-Young's Motion to Dismiss (CITE), I will not grant Hughes' Motion to Dismiss based on insufficient service because any deficiencies are due to no fault of Plaintiff. Counsel

Plaintiff did not list Hughes in the case caption of his Amended Complaint, nor did he list Hughes in the list of defendants on pages 3-4b of his Amended Complaint. ECF No. 58. These omissions alone, however, do not substantiate Hughes contention that she was not named as a defendant in this matter.

*Pro se* complaints, understandably, are often less organized or more difficult to decipher than a complaint written by an attorney. For this reason, I will liberally construe a *pro se* plaintiff's complaint such as Plaintiff's here. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). However, Plaintiff, even proceeding *pro se*, must allege sufficient facts to support his claims. *Id.*

Here, Plaintiff moved to amend his Complaint in order to add Hughes as a defendant in this matter (ECF No. 48), and I granted Plaintiff leave to do so (ECF No. 51). Further, Plaintiff mentioned Hughes in the body of his Complaint. ECF No. 58, p. 9. Therefore, I construed Plaintiff's Amended Complaint to name Hughes as a defendant in this matter, and I ordered service on Hughes. ECF No. 74.

Subsequent the order of service on Hughes, Plaintiff filed two documents indicating he did not intend to name Hughes as a defendant in this matter. In his Motion to Supplement Amended Complaint (ECF No. 88), Plaintiff stated: "Plaintiff seeks nothing from Ms. Hughes. Ignorance, rudeness, and incompetence are not grounds on which to seek damages." ECF No. 88, p. 2. Further, in his Response to Separate Defendants Ware, Savoy, and Redic-Young's Motion to Dismiss,

---

for Hughes represents other Separate Defendants in this matter, entered an appearance in this matter well before the Amended Complaint was filed, and received a copy of the Amended Complaint through CM/ECF notifications when it was filed on January 22, 2013. Therefore, I find Hughes was not prejudice by the insufficient process. Moreover, any prejudice is likely moot as I am recommending dismissal of Hughes in this Report and Recommendation. If Hughes is not dismissed from this action I will reissue service of the Amended Complaint on Hughes to cure any deficiencies in service.

Plaintiff stated: "Plaintiff chose to not seek damages from LPN Jennifer Hughes, the only person named on the original grievance, because of this one fact: She had neither the authority to make the other defendants provide either an examination to determine whether Plavix was needed by Plaintiff and she did not have the Drug Enforcement Agency's permission to prescribe controlled medicines." ECF No. 104, pp. 1-2 (errors in original).

Now in his Response to Hughes's Motion to Dismiss Plaintiff argues he did intend Hughes to be named as a defendant in his Amended Complaint, but he is not seeking any damages or relief from her.

While the record indicates Plaintiff's intentions to name Hughes as a defendant in this matter have wavered over the course of this litigation, I find my construction of the Amended Complaint, at the time it was filed, to name Hughes as a defendant was a reasonable construction, and service of Hughes as a defendant in this matter was thereby warranted.

    B.    <u>Whether Plaintiff failed to state a claim against Hughes</u>

Hughes next argues that even if she was named as a defendant in this matter, Plaintiff failed to state a claim against her upon which relief can be granted.

In his Amended Complaint, Plaintiff asserts: "On January 3, 2011 Plaintiff was seen by LPN J. Hughes for scalp lesions and Plavix. She informed Plaintiff there was no order for Plavix in the computer; even though Dr. Anderson had ordered a 90-day supply on January 17, 2010 and was to run through January 17, 2011 . . . ." ECF No. 58. Plaintiff also attached grievance OR-11-00024 to his Complaint in which he refers to Hughes. This greivance reads:

> on 12-22-10 I submitted an inmate request form to the infirmary that I was out of Plavix, a heart medication. I ran out of Plavix on 12-21-10. I had submitted the re-order sticker on or about 12-18-10. I then submitted a missing medication form on or about 12-24-10. On 12-26-10 I received a reply from Nurse Jennifer Hughes that

7

> my 'med has been ordered on 12-24-10.' On Jan 2, 2011 I submitted a sick call slip mentioning I hadn't received the Plaivix. By chance the nurse I saw was Jennifer Hughes. She asked about my 'problem' then said she couldn't find anything in the computer about the Plavix being ordered. I told her I have the inmate request form from her saying they'd been ordered on 12-24-10. Plavix is not to be taken sporadically. On the sick call slip I mentioned I was to see a doctor about a 14 month scalp . . . problem. She said it takes 3 weeks. I was scheduled for a dr. on 12-13-10 by Nurse Hughes. Today would be more than 3 weeks. Hunter said it was ordered on 12-31-10.

Unit Level Grievance Form OR-11-00024, ECF No. 58, p. 31 (errors in original). There are no additional references to Hughes in Plaintiff's Amended Complaint.

In Plaintiff's Response to the instant Motion, he argues that his claim against Hughes is that she was aware of his medical condition and that he was not receiving his Plavix prescription but she "chose to do nothing." Plaintiff goes on to explain he seeks no monetary damages from Hughes because she "did not have the authority to discontinue Plaintiff's prescriptions nor did she have the authority to write prescriptions and she was not the responsible party for deleting Plaintiff's valid prescriptions from Corizon's computers." ECF No. 118, p. 3. Further, Plaintiff explains that Hughes should have referred him to the unit physician and her failure to make this referral showed a complete disregard for Plaintiff's health and life. ECF No. 118, p. 3.

Plaintiff's claim that Hughes failed to refer him to the unit physician stated in his Response was not made in his Amended Complaint. I previously instructed Plaintiff to include all claims in his Amended Complaint (ECF No. 58), therefore, I will not consider this or any other new claims made in response to this Motion to Dismiss as part of Plaintiff's claims against Hughes.

Even if I were to consider such a claim, it would fail to state a claim upon which relief can be granted because it is not a cognizable claim under section 1983. Hughes had no duty to investigate why others, specifically her superiors, discontinued Plaintiff's Plavix prescription. *See*

8

*Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012) (While the Eighth Circuit has recognized a non-supervisory officer's duty to intervene to prevent the use of excessive force, it has not recognized a duty to intervene to prevent other constitutional violations.).

Secondly, Plaintiff concedes in his Response that Hughes was not responsible for the actions he complains of in his Amended Complaint—the denial of his Plavix prescription. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)). Therefore, Hughes cannot be held liable for the denial of Plaintiff's Plavix prescription if she was not directly responsible for depriving Plaintiff of it.

Accordingly, Plaintiff has failed to state a claim against Hughes upon which relief may be granted and his claims against her should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, I recommend Defendant Hughes's Motion to Dismiss (ECF No. 111) be **GRANTED** and Defendant Hughes be dismissed from this action without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 11th day of July 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE